## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:   THE COSMETIC CENTER, INC.   )   Case No. 99-00888
                                              )
        Debtor(s)    )
                                              )

## NOTICE OF MOTION FOR
## PAYMENT OF UNCLAIMED FUNDS

Notice is hereby given to the U.S. Bankruptcy Court that on __February 13, 2014__,
                                                                                                            date
the following parties were notified, via US Postal Service, of the intent to apply for the release of Unclaimed Registry Funds in the amount of __$10,895.79__ for the above mentioned case.

U.S. Attorney's Office
Box 2046
Wilmington, DE  19899-2046

U.S. Trustee
844 King Street, Suite 2207
Wilmington, DE  19801

                                                              Respectfully Submitted,

                                                               /s/ Dale Kennedy

                                                              Dale Kennedy
                                                              American Property Locators, Inc.
                                                              Attorney-In-Fact for
                                                              Commercial Accounting Corporation as
                                                              Assignee of Finova Capital Corporation

# LIMITED POWER OF ATTORNEY

Commercial Accounting Corporation, purchaser of the Finova Capital Corporation remnant assets portfolio ("Principal"), executes this Limited Power of Attorney with the intention that the attorney-in-fact named below shall be able to act in its place for the purposes and duration set forth below.

Principal appoints Dale Kennedy of American Property Locators, Inc., 3855 South Boulevard, Suite 200, Edmond, OK 73013 to be its attorney-in-fact to act for it in its name and place, and in any capacity that Principal might act,

## Only to recover cash or cash equivalents specifically arising from the THE COSMETIC CENTER, INC. bankruptcy matter that belong to the Principal

and may be paid to the Principal after compliance with procedures of applicable laws (the "Unclaimed Funds").

This Limited Power of Attorney shall become effective on the date written below, and shall remain effective, for one year from such date or until the Unclaimed Funds are claimed and remitted to Principal, whichever is sooner.

Principal's attorney-in-fact shall have all of the powers, discretions, elections, and authorities granted by law (including the endorsement of any instrument of payment on behalf of Principal) in connection with the claim, execution, acknowledgment, and delivery of any and all documents necessary or connected with claiming and recovering for Principal the Unclaimed Funds. Principal authorizes the use of a photocopy of this Limited Power of Attorney, for any purpose, in lieu of the original.

DATED this 4th day of February, 2014.

**PRINCIPAL:**
Finova Capital Corporation
(Tax ID #94-1278569)

By: _Janice Merrick_

Title: President

**PRINCIPAL'S ADDRESS:**

14122 E. Desert Cove Avenue
Scottsdale, AZ 85259

**Commercial Accounting Corporation**

STATE OF Arizona
COUNTY OF Maricopa

ACKNOWLEDGMENT

Before me, the undersigned a Notary Public, in and for said County and State on this 4th day of February 2014, personally appeared Janice Merrick to me known to be the identical person who subscribed his/her name to the foregoing instrument, as its President and acknowledged to me that he/she executed the same as his/her free and voluntary act and deed of such corporation, for the purposes therein set forth.

In Witness Whereof, I have hereunto set my official signature and affixed my official seal the day and year first above written.

My Commission Expires: 1/25/15

Notary: _Erica Schmidt_

ERICA SCHMIDT
Notary Public - Arizona
Maricopa County
My Commission Expires
January 25, 2015



 AUTHORIZED REPRESENTATIVE

COMMERCIAL SERVICE, INC.
JANICE MERRICK

14122 E. Desert Cove Ave.        Phone (480) 661-6853
Scottsdale, AZ 85259             FAX (480) 661-6839

# PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS (this "Agreement"), dated as of November 19, 2009 is between **FINOVA CAPITAL CORPORATION AND THE FINOVA GROUP, INC.** (collectively, ""Sellers") and **COMMERCIAL ACCOUNTING CORPORATION** ("Purchaser").

## WITNESSETH:

WHEREAS, the Sellers have filed certificates of dissolution with the State of Delaware on November 17, 2009 and are in the process of winding up their respective affairs; and

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Sellers remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, encumbered or resolved (the "Remnant Assets"); and

WHEREAS, Remnant Assets specifically **exclude** a) cash, cash equivalents and marketable securities held by Sellers in its bank or securities accounts; b) funds in the process of being remitted to FINOVA Capital from First American SMS related to prior check disbursement that was lost; c) 95% of the recovery from the Stephen Cheung judgment; d) any funds received by any Seller related to contingent fees paid to professionals for wind up or litigation activities; and e) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

WHEREAS, Sellers have the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Sellers and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be immediately available funds in the amount of ▮▮▮▮ ▮▮▮▮ Dollars (▮▮▮▮) payable within 3 business days of receipt by Purchaser of this executed Agreement.

2. **Assignment of Remnant Assets.** Sellers hereby irrevocably and unconditionally sell, assign, transfer and convey to Purchaser all of the Sellers' right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in respect of any the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Sellers is made pursuant to the authority vested in the Sellers.

4. **Payments Received on Remnant Assets.** Sellers further agree that any payments received by Sellers on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Sellers or their representatives will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Sellers agree to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Sellers' Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Sellers represent and warrant to Purchaser that Sellers have full lawful right, title, power and authority to enter into this Agreement and to convey Sellers' interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLERS SELL, ASSIGN, AND TRANSFER THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6. **Purchaser's Representations and Warranties.** The Purchaser represents that during the course of its engagement by the Sellers as an outside consultant, it has reported to the Sellers all material information concerning assets and liabilities of the Sellers of which it is or was aware to enable the Sellers to make an informed decision about the quality and value of its assets.

7. **Notice of Transfer/Address Change.** Sellers hereby authorize Purchaser to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to any bankruptcy claim transfers and Sellers hereby waive (i) its right to raise any objection thereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. With respect to non-bankruptcy claims, Sellers authorize Purchaser to file a change of address or notice of transfer (at Purchaser's discretion) and Sellers waive its right to raise any objection thereto and its right to receive notice pursuant thereto.

8. **Mail Forwarding.** To the extent that Sellers utilize a dedicated P.O. Box or other mailing address which receives mail exclusively for the Sellers (and not also for other unrelated entities or persons), then Sellers agree that subsequent to the official closing of their offices and when their respective affairs have been wound up, Sellers or their representative will file a change of address form with the U.S. Postal Service so mail sent to such dedicated address for the Sellers will be forwarded by the U.S. Postal Service to Purchaser's P.O. Box. If requested by Sellers, Purchaser will agree to monitor incoming mail and to use its reasonable efforts to forward to Sellers such mail that Purchaser believes may require the attention of Sellers.

9. **Documents of Assignment.** From time to time upon request from Purchaser, Sellers shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Sellers for its reasonable costs associated with such compliance.

10. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, Sellers hereby irrevocably appoint Purchaser as their respective true and lawful attorney and authorize Purchaser to act in Sellers' stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Sellers grant unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

11. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Sellers and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

12. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Sellers and the Purchaser.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

COMMERCIAL ACCOUNTING CORPORATION

By: _____
Name: Janice Merrick
Its: President

Address *(for regular mail, overnight delivery and mail forwarding)*: 14122 E. Desert Cove Ave, Scottsdale, AZ 85259 tel (480) 661-6853   fax (480) 661-6839


FINOVA CAPITAL CORPORATION
THE FINOVA GROUP, INC.

By: _____
Name: Richard A. Ross
Its: SVP and Chief Financial Officer

Address: 8320 N. Hayden Road, Suite C112, Scottsdale, AZ 85258
tel (480) 624-4965

3



E-FILED

# STATE OF ARIZONA
# CORPORATION COMMISSION
## CORPORATION ANNUAL REPORT
## & CERTIFICATE OF DISCLOSURE

04433693

DUE ON OR BEFORE   11/23/2013                                    FILING FEE   $45

PLEASE READ ALL INSTRUCTIONS. The following information is required by A.R.S. §§10-1622 & 10-11622 for all c organized pursuant to Arizona Revised Statutes, Title 10. The Commission's authority to prescribe this form is A.R 121(A) & 10-3121(A). YOUR REPORT MUST BE SUBMITTED ON THIS ORIGINAL FORM. Make changes or correctio necessary. Information for the report should reflect the current status of the corporation.

1.  -0858375-1
    COMMERCIAL ACCOUNTING CORPORATION
    % JANICE MERRICK
    14122 E DESERT COVE AVE
    SCOTTSDALE, AZ   85259

    Business Phone: _____   (Business phone is optional.)
    State of Domicile: ARIZONA              Type of Corporation: BUSINESS

2.  Statutory Agent: JANICE MERRICK              Statutory Agent's Street or Physical Addre
    Mailing Address: 14122 E DESERT COVE AVE     Physical Address:
    City, State, Zip: SCOTTSDALE, AZ  85259      City, State, Zip: AZ

**ACC USE ONLY**
Fee         $ 45.00
Penalty     $  0.00
Reinstate$     0.00
Expedite    $
Resubmit$

*If appointing a new statutory agent, the new agent MUST consent to that appointment by signing below. Note that the agent address must be in Ariz*
*I, (individual) or We, (corporation or limited liability company) having been designated the new Statu do hereby consent to this appointment until my removal or resignation pursuant to law.*

_____
Signature of *new* Statutory Agent

_____
Printed Name of *new* Statutory Agent

3.  Secondary Address:

    (Foreign Corporations are REQUIRED to complete this section).

4.  CHARACTER OF BUSINESS

    ACCOUNTING

Received: 10/01/2013 10:10

-0858375-1    COMMERCIAL ACCOUNTING CORPORATION

**9. FINANCIAL DISCLOSURE (A.R.S. §10-11622(A)(9))**
Nonprofits – if your annual report is due on or before September 25, 2008, you **must attach** a financial statement (e.g. income/
balance sheet including assets, liabilities). If your nonprofit annual report is due after September 25, 2008, a financial stateme
Cooperative marketing associations must in all cases submit a financial statement. All other forms of corporations are ex
financial statement no matter what date the annual report was due.

**ONLY NONPROFIT CORPORATIONS MUST ANSWER THIS QUESTION:**

**9A. MEMBERS (A.R.S. §10-11622(A)(6))**        This corporation DOES ☐  DOES NOT ☐ ha

**10. CERTIFICATE OF DISCLOSURE (A.R.S. §§ 10-202(D), 10-3202(D), 10-1622(A)(8) & 10-11622(A)(7))**

A. Has any person who is currently an officer, director, trustee, incorporator, or who, in a For-profit corporation, controls or h
   10% of the issued and outstanding common shares or 10% of any other proprietary, beneficial or membership interest in
   been:

   1. Convicted of a felony involving a transaction in securities, consumer fraud or antitrust in any state or federal jurisdiction wit
      period immediately preceding the execution of this certificate?
   2. Convicted of a felony, the essential elements of which consisted of fraud, misrepresentation, theft by false pretenses or m
      monopoly in any state or federal jurisdiction within the seven year period immediately preceding execution of this certifica
   3. Subject to an injunction, judgment, decree or permanent order of any state or federal court entered within the seven year p
      preceding execution of this certificate where such injunction, judgment, decree or permanent order involved the violation
            (a) fraud or registration provisions of the securities laws of that jurisdiction, or
            (b) the consumer fraud laws of that jurisdiction, or
            (c) the antitrust or restraint of trade laws of that jurisdiction?

**One box must be marked: YES**

If "YES" to A, the following information **must be submitted** as an attachment to this report for each person subject to
actions stated in items 1 through 3 above.
   1. Full birth name.                                    5.  Date and location of birth.
   2. Full present name and prior names used.             6.  The nature and description of each cor
   3. Present home address.                                   action; the date and location; the court a
   4. All prior addresses for immediately preceding 7 year    involved; and the file or cause number of
      period.

B. Has any person who is currently an officer, director, trustee, incorporator, or who, in a For-profit corporation, controls or h
   the issued and outstanding common shares, or 20% of any other proprietary, beneficial or membership interest in the co
   in any such capacity or held a 20% interest in any other corporation on the bankruptcy or receivership of that other corpo

**One box must be marked: YES**

If "YES" to B, the following information **must be submitted** as an attachment to this report for each corporation sub
statement above.
       (a) Name and address of each corporation and the persons involved.
       (b) State(s) in which it: (i) was incorporated and  (ii) transacted business.
       (c) Dates of corporate operation.

**11. STATEMENT OF BANKRUPTCY OR RECEIVERSHIP (A.R.S. §§ 10-1623 & 10-11623)**

A. Has the corporation filed a petition for bankruptcy or appointed a receiver?   **One box must be marked: YES ☐**
   If "Yes" to A, the following information **must be submitted** as an attachment to this report:
   1. All officers, directors, trustees and major stockholders of the corporation within one year of filing the petition for ban
      appointment of a receiver. If a major stockholder is a corporation, the statement shall list the current president, chai
      board of directors and major stockholders of such corporate stockholder. "Major stockholder" means a shareholde
      controlling twenty per cent of the issued and outstanding shares or twenty per cent of any proprietary, beneficial or
      interest in the corporation.

   2. Whether any such person has been an officer, director, trustee or major stockholder of any other corporation withir
      bankruptcy or receivership of the other corporation. If so, for each such corporation give:
           (a) Name and address of each corporation;
           (b) States in which it: (i) was incorporated and   (ii) transacted business.
           (c) Dates of operation.

**12. SIGNATURES:**    | Annual Reports must be signed and dated by at least one duly authorized officer or they wil
I declare, under penalty of perjury, that all corporate income tax returns required by Title 43 of the Arizona Revised Sta
filed with the Arizona Department of Revenue. I further declare under penalty of perjury that I (we) have examined th
certificate, including any attachments, and to the best of my (our) knowledge and belief they are true, correct and co

Name  JANICE MERRICK              Date  10/01/2013

| Check # | Creditor | POC # | Check Amount |
|---|---|---|---|
| 10896 | ONTARIO MILLS LIMITED PARTNERSHIP | 1100208 | 4,051.76 |
| 10897 | PLD INTERNATIONAL CORPORATION | 1100211 | 10,239.37 |
| 10905 | HAMILTON PARTNERS | 1100248 | 2,159.07 |
| 10914 | GILLETTE COMPANY, THE | 1100289 | 3,237.58 |
| 10915 | URBAN RETAIL PROP., HAWTHORNE HILLS | 1100308 | 3,303.34 |
| 10917 | BELSON PRODUCTS BURTON A HONIG V.P. FINANCE | 1100320 | 1,090.96 |
| 10931 | EOP-ONE DEVON SQUARE, LP | 1100353 | 5,122.01 |
| 10932 | BELLSOUTH TELECOMMUNICATIONS, INC. | 1100355 | 298.98 |
| 10934 | FHM DEVELOPMENT LLC | 1100366 | 780.72 |
| 10939 | AMERICAN CREDIT IDEMNITY AGENT OF GOELITZ | 1100385 | 684.71 |
| 10941 | PALISADE TRADING CO, INC. | 1100406 | 5,630.82 |
| 10943 | KPT REMIC LOAN LLC | 1100415U | 9,306.17 |
| 10944 | COMP USA | 1100416 | 57.29 |
| 10953 | LUCENT TECHNOLOGIES | 1100567 | 100.31 |
| 10955 | REEVES, ANNA E. | 1100613 | 11.63 |
| 10956 | PENNSYLVANIA POWER COMPANY c/o KATHY J. HECKATHORNE | 1100644 | 19.28 |
| 10957 | REGEN CAPITAL 1, INC. | 1100669 | 534.71 |
| 10960 | CROSLAND GROUP, INC. | 1100735 | 868.94 |
| 20971 | KIM & RANDY HARRAR (2nd attempt) | 0700631 | 2,325.05 |
| 20973 | KIM & RANDY HARRAR (3rd attempt) | 0700631 | 2,325.05 |
|  |  |  | $ 414,912.04 |

5. On or about, December 2, 2013, the Trustee turned over funds to the Court per an Order entered at D.I. 1012, pursuant to a small claims motion. However, the Trustee has since discovered that the following creditors did receive their distribution, and the amounts were incorrectly turned over based on the small claims motion:

| Claim Name | Claim No. | Claim Amount |
|---|---|---|
| Northern Virginia Electric Cooperative | 0700337 | $2.95 |
| Gates Hudson & Assoc. | 1100738U | 1.87 |
| State of Delaware | 0790670U | 4.23 |
| Total: |  | $9.05 |